**SMITH & NEPHEW, INC., Plaintiff–Appellee,**

v.

**SYNTHES–STRATEC, INC. and Synthes USA, Defendants–Appellants,**

and

**Synthes, Inc. and Synthes North America, Inc., Defendants.**

**No. 06–1016.**

United States Court of Appeals, Federal Circuit.

Dec. 16, 2005.

Before MICHEL, Chief Judge, NEWMAN and BRYSON, Circuit Judges.

### ORDER

BRYSON, Circuit Judge.

Synthes–Stratec, Inc. and Synthes USA (Synthes) respond to the court's order concerning the issue of whether their appeal should be dismissed as premature.

On September 28, 2005, Synthes filed a notice of appeal of the August 28, 2005 memorandum opinion of the United States District Court for the Western District of Tennessee determining that Smith & Nephew, Inc.'s patents are not invalid and that certain of Synthes' products infringe the patents in suit. *Smith & Nephew, Inc. v. Synthes–Stratec, Inc.*, No. 02–CV–2873, 2005 WL 2171924. However, the district court has not yet entered final judgment and there is a request for a permanent injunction pending before the district court.

Synthes states that its appeal should either be deactivated or, if dismissed, it should have assurance that it may appeal the district court's infringement and validity findings after the injunction motion is resolved.

"A district court's judgment is final where it ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Ultra–Precision Mfg. Ltd. v. Ford Motor Co.*, 338 F.3d 1353, 1356–57 (Fed.Cir.2003) (citation omitted). Because the district court has not concluded its proceedings, we determine that there is no final judgment. Thus, we lack jurisdiction and must dismiss. *See* 28 U.S.C. § 1295(a)(1). Synthes may, of course, file a new notice of appeal after the district court concludes its proceedings and enters final judgment.

Accordingly,

IT IS ORDERED THAT:

(1) The appeal is dismissed.

(2) Each side shall bear its own costs.